[No. 342.  Decided March 16, 1892.]

WILLIAM IRISH, *Appellant,* v. THE NORTHERN PACIFIC
RAILROAD COMPANY, *Respondent.*

RAILROADS—INJURY TO PASSENGER—CONTRIBUTORY NEGLIGENCE.

The direction of the conductor of a train to an intending passenger as to his method of getting upon such train is clearly within the scope of his authority as such conductor, and in complying with such direction the passenger is not guilty of negligence unless he exposes himself to open and apparent danger.

*Appeal from Superior Court, Pierce County.*

The facts are stated in the opinion.

*Marshall K. Snell* and *Stephen O'Brien,* for appellant.
*Mitchell, Ashton & Chapman,* for respondent.

The opinion of the court was delivered by

HOYT, J.—This action was brought to recover damages for personal injuries to the plaintiff, alleged to have been caused by the negligence of the respondent in the operation of a certain railroad train.   The court below sustained the demurrer to the complaint, and from the judgment of dismissal rendered thereon, plaintiff has brought the case here for review.  The allegations of the complaint, so far as they are necessary for the consideration of the questions raised by this appeal, are as follows:

"At that time it was the custom of the railroad company to run its trains from Wilkeson to the switch lying westwardly about one-half mile, then switch off and run to Carbonado upon another branch of railroad belonging to and operated by the defendant company, and returning thence to the said switch would once more place itself upon the line running to South Prairie and then on to Tacoma; that while stopping at said switch it was the practice of the officers and employes of said company, employed upon

said train, to permit and request intending passengers to board the cars, and this practice had become a custom among the people of Wilkeson and was well known; that plaintiff knew this practice and custom, so, when he found the train moving away from Wilkeson station without him, he shouldered his bundle and walked down the railroad to the switch aforesaid, and there awaited the return of the train from Carbonado; that in due time the train returned from Carbonado and approached said switch; the engine and tender coming first, crossing the switch and running up a short distance toward Wilkeson station, thence running westwardly upon the line of road toward South Prairie and stopping; the passenger car, the only car, came after, propelled by its own gravity, and in like manner ran over said switch and a short distance towards Wilkeson and stopped. That when the car stopped, the conductor of said train, being an employé of said defendant company, and the brakeman of said train, also an employé of said defendant, appeared upon the rear platform of said car; that plaintiff at that time was standing on a steep bank forming the bed of the railroad about ten feet away from the rails and to the side thereof, where he had gone to be out of the way when said train came down from Carbonado and switched off to the line to South Prairie. That when the conductor upon said car saw the plaintiff, who expressed his desire of getting on board said car, the said conductor, being an employé of said defendant company, beckoned to the plaintiff to come to the rear of the car and directed him to come between the rails of said railroad and to the rear end of said car, and by his words and gestures indicated to plaintiff that he should place his baggage upon the platform of said car at a point immediately above the couplers and between the upright iron guards at the end of the platform, and a part of said car; said conductor saying to said plaintiff, in order to induce him to make haste, 'this way, now hurry up,' pointing with his hands where he desired plaintiff to come to and place his baggage, on the rear platform as above stated. That plaintiff, in obedience to the instructions of said conductor, and following the commands given by him as to the manner in which he should place his baggage on

board said car, believing himself to be obliged to obey the directions of the conductor in getting on said car, fully believing that said conductor had full control of all the movements of said train, and that no movement of said car would be made without the orders and directions of said conductor, and for the further reason that the bank upon which the car stopped was so steep, and the steps of the platform so slippery from frost, that plaintiff could not put his bundle on the car by the steps of the platform, and fully believing that it would be safe to follow the instructions of the conductor as aforesaid, and neither hearing nor seeing anything that would indicate that the engine was moving, did go upon the track of said railroad with his bundle of baggage upon his shoulder, and did approach the rear platform of said car in the manner indicated and directed by the said conductor, and attempted to place his bundle upon said platform, in the doing of which said conductor assisted him by taking hold of his bundle; that while standing in this position, the car of which said platform was a part, through the negligence and carelessness of the conductor and engineer of said train, they being then employés of defendant company, received a sudden shock from the engine standing in front of said car, and, without any warning whatever, moved backward at a rapid rate and struck the plaintiff and gave him a severe blow upon his chest and knocked him down between the rails of said railroad, and pushed him along upon the bed of said railroad between the rails and upon the ties for a distance of thirty feet or thereabouts, to the great physical injury of the plaintiff."

The respondent urges that for two reasons they are insufficient to show a cause of action: ( 1 ) The negligence of the defendant is not sufficiently alleged; and ( 2 ) That from such allegations it appears that plaintiff's own acts contributed to the injury. The first question above stated, though incidentally mentioned, was not insisted upon with much force by the respondent, and we do not think it necessary to say more in regard thereto than that we think that, as against a general demurrer, the negligence of the defendant is sufficiently alleged.

The other question has been argued by the respective parties at great length and with much ability, and we have investigated with care the authorities cited thereon. In addition to the points and authorities bearing directly upon this question, counsel have presented authorities upon certain features of the case bearing more or less directly thereon. But in view of the decisions of this court in this class of cases, it will not be necessary for us to refer to them. In this state, as in the great majority of the states of the union, it is settled law that a party cannot recover damages for injuries to which his own negligent acts have contributed. The question then in this case is as to whether or not the acts set out, as above stated, show that the appellant contributed to the injury of which he complains. It is not necessary that it should appear from his complaint that he was not guilty of contributory negligence, as under the great weight of authority such contributory negligence is matter of defense. Do the acts of the plaintiff above stated show him to have been guilty of such negligence as will bar his recovery? It may be conceded that if he had attempted to get upon this train in the manner which he did without any action or invitation from those in charge of the train, that negligence would be presumed, as the manner of his making such attempt was an unusual one and ordinarily attended with some danger.

Respondent first contends that plaintiff had no business to attempt to get upon the car at the place where it was standing, as such place was not a depot at which travelers were expected to get off and on the car. But even if this contention were warranted by the statements of the complaint, it might be questionable whether such fact could avail defendant in the light of the statement that there was an express invitation by the conductor of the train that the plaintiff should board the car then and there. We think, however, that the statements of the complaint are sufficient

to show that for the purposes of this action, the place where the car stood should be held a proper one for the reception of passengers. The allegations of the complaint show such a practice in regard to getting on and off trains at this point, and such knowledge and consent thereto by the officers of the company as to estop the defendant from now objecting to such practice.

The real questions upon which this case must turn are: (1) The extent of the right of an intending passenger to rely upon the direction of the conductor of the train in getting thereon; and (2) What, if any, was the danger apparent to plaintiff of such attempt to obey the instructions of said conductor. Upon this first question the authorities are not entirely uniform, and it is difficult to harmonize the expressions of the courts of the different states, or even of the same state in regard thereto. There is a line of cases which have adopted the extreme doctrine that a passenger upon a train is justified in obeying the direction of the conductor or other persons in charge thereof, regardless of any question of apparent danger in so doing, and if injured while in a situation to which the invitation or direction of such conductor or other persons has placed him, he can recover therefor. See *Hanson v. Mansfield Railway, etc., Co.*, 38 La. An. 111; 58 Am. Rep. 158. We are not prepared to go the extent of these cases. In our judgment the proper rule upon principle and authority is that the direction or invitation of the conductor or other person, within the scope of his authority, justify the passenger in complying therewith, unless by so doing he will expose himself to danger, plainly open to his observation, that a prudent man would not incur, but that he cannot, except at his own peril, obey such direction or invitation when to do so would expose him to plain and apparent danger. See *Cincinnati H. & I. R. Co. v. Carper*, 112 Ind. 26 (2 Am. St. Rep. 144); *Jeffersonville Railroad Co. v. Swift,*

26 Ind. 459.; *St. Louis I. M. & S. R. R. Co. v. Cantrell*, 37 Ark. 519 (40 Am. Rep. 105); *Fowler v. B. & O. R. R. Co.*, 18 W. Va. 579.

Applying this rule to the facts stated in the complaint, we think that they show that plaintiff was justified in complying with the direction of the conductor in attempting to board the car as stated in the complaint. We think it clear that any direction of a conductor of a train to an intending passenger as to his method of getting upon such train is clearly within the scope of his authority as such conductor. This being so, it follows that plaintiff was justified, unless in complying with such direction he exposed himself to open and apparent danger. If he had not had such direction from the conductor it would have been his duty to have ascertained for himself whether or not danger would be incurred in this attempt to get upon the car, or at least to have taken such precaution to ascertain the danger, as a prudent man would have done under all the circumstances, but in obeying such direction he had a right to assume that the conductor knew what he was doing in giving it, and that the train would be so managed and controlled by him as to make his compliance therewith perfectly safe; and having a right to rely upon this presumption he was not called upon to look out for evidence of danger, but had a right to act upon such invitation or direction unless the danger so presented itself that a man of ordinary prudence could not avoid seeing it. We do not think the danger of getting upon the car in the manner indicated by the conductor was of this character. If the car remained standing there would be no danger at all in getting upon it in the way proposed, and the fact that it would not thus remain standing would not necessarily be made known to him, and under the allegations of this complaint was not in fact known to him. Taking the allegations of the complaint as true, such contributory negligence of the plaintiff as will defeat his recovery does not appear.

The judgment must be reversed and the cause remanded for further proceedings.

ANDERS, C. J., and SCOTT and STILES, JJ., concur.

DUNBAR, J., concurs in the result.